IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BOWER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-857-F |
| | ) |
| EDWARD EVANS, Acting Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Mr. Michael Bower seeks a writ of habeas corpus and the former respondent, Mr. Ron Ward, moves for dismissal. The Court should overrule the motion.

### Background

Officials found Mr. Bower guilty of a disciplinary infraction. *See* Petition for a Writ of Habeas Corpus at pp. 2-3 (July 28, 2005). Mr. Bower alleges procedural irregularities in the disciplinary process and a lack of sufficient evidence for a finding of guilt. *Id.* at pp. 4-5.

### Exhaustion of State Court Remedies

Mr. Ward argues that Mr. Bower has not exhausted state court remedies available through a petition for judicial review.[1] Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, *passim* (Aug. 11, 2005). The Petitioner counters in part that the state statute

---

[1] Mr. Bower can pursue federal habeas relief only after he has exhausted state court remedies. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (a person seeking habeas relief under 28 U.S.C. § 2241 must generally exhaust state court remedies).

creating a petition for judicial review should not be retroactively applied to his disciplinary conviction. Petitioner's Objection to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus at p. 3 (Aug. 25, 2005). The undersigned agrees with Mr. Bower.[2]

On May 10, 2005, the Oklahoma Legislature enacted Okla. Stat. tit. 57 § 564.1, entitled "Disciplinary proceedings -- Judicial review -- Requirements -- Procedures." Okla. Stat. tit. 57 § 564.1 (as enacted by 2005 Okla. Sess. Laws, 1st Reg. Sess., ch. 159 § 7 (eff. May 10, 2005)). Under this statute, the Department of Corrections provides a final decision in the disciplinary appeal process. *Id.* The inmate then has 90 days to seek judicial review in state district court. *See id.* The state court may review the disciplinary conviction for procedural violations and consider whether any evidence existed to support the finding of guilt. *See id.*

Mr. Bower admits that he did not pursue judicial review in state court, but relies on the timing of the law. He points out that his disciplinary appeal had become final on March 31, 2005, before the law took effect. Petitioner's Objection to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, *passim* (Aug. 25, 2005). Thus, the threshold question is whether Okla. Stat. tit. 57 § 564.1 applies to disciplinary convictions that had become final before May 10, 2005. The Court should answer in the negative.

---

[2]   The Petitioner also argues that: (1) retroactive application would violate the federal and state *ex post facto* clauses, and (2) the remedy under Section 564.1 is inadequate. Petitioner's Objection to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus at pp. 1-2 (Aug. 25, 2005); Petitioner's Response Brief to Respondent's Supplemental Brief Out of Time, Pursuant to "Order" Issued, on September 16th, 2005, *passim* (Sept. 30, 2005). The Court need not address these theories in light of the inapplicability of Okla. Stat. tit. 57 § 564.1 as a matter of statutory construction.

In Oklahoma, "[a]bsent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only." *Cole v. Silverado Foods, Inc.*, 78 P.3d 542, 546 (Okla. 2003). An exception applies when the statute involves procedures or remedies. *See Forest Oil Corp. v. Corporation Commission*, 807 P.2d 774, 781-82 (Okla. 1990). "A purely procedural change is one that affects the remedy only, and not the right." *Id.* (footnote omitted). Under this classification, Okla. Stat. tit. 57 § 564.1 is considered "substantive" rather than "procedural".

Prior to May 10, 2005, Oklahoma had no statutory remedy available for a state prisoner who challenged the merits of a disciplinary conviction but lacked a right to immediate release. *See Gamble v. Calbone*, 375 F.3d 1021, 1027 (10th Cir. 2004). With Okla. Stat. tit. 57 § 564.1, the Oklahoma legislature created a private cause of action for state prisoners aggrieved by due process violations in disciplinary proceedings.

The Oklahoma Supreme Court addressed similar circumstances in *Phillips v. H.A. Marr Grocery Co.*, 295 P.2d 765 (Okla. 1956), and *Walls v. American Tobacco Co.*, 11 P.3d 626 (Okla. 2000).

In *Phillips*, an employee was accidentally injured in Kansas. Oklahoma later enacted a law giving jurisdiction to a state agency to entertain claims for compensation by employees who are accidentally injured elsewhere. *See Phillips v. H.A. Marr Grocery Co.*, 295 P.2d at 766. The Oklahoma Supreme Court held that the statute did not apply to accidental injuries

suffered before the law went into effect. *Id.* at 768. The court reasoned that the creation of a right to relief, where one had not previously existed, involves "substantive rights." *Id.*[3]

The Oklahoma Supreme Court again confronted the issue in *Walls v. American Tobacco Co.*, 11 P.3d 626 (Okla. 2000). There an Oklahoma law was amended to create a private cause of action for aggrieved consumers. *See Walls v. American Tobacco Co.*, 11 P.3d at 628. The Oklahoma Supreme Court held that the law applied prospectively, rather than retrospectively, because it created "a substantive change" by "permit[ting] a private right of action where there was none before . . . ." *Id.* at 631.

*Phillips* and *Walls* are controlling. Prior to May 10, 2005, an Oklahoma prisoner could only sue in state court for the return of credits if he were eligible for immediate release. *See supra* p. 3. Enactment of Okla. Stat. tit. 57 § 564.1 filled the void, creating a cause of action which Oklahoma prisoners had lacked prior to May 10, 2005. Under *Phillips* and *Walls*, the creation of this cause of action involved "substantive rights." As a result, Section

---

[3]  The Oklahoma Supreme Court explained:

> We do not agree that the statute in question is purely procedural but on the contrary it deals with substantive rights. It confers the right upon the injured employees to obtain relief from the State Industrial Commission of this State for injuries sustained in another State, a right which they did not have prior to the effective date of said Act. It confers jurisdiction upon the State Industrial Commission to entertain a claim for compensation which jurisdiction it did not have prior to said time and cannot therefore be said to be a purely procedural statute.

*Phillips v. H.A. Marr Grocery Co.*, 295 P.2d at 768.

564.1 applies prospectively and is inapplicable to disciplinary convictions that had become final before the law went into effect.[4]

The state law applies only to disciplinary convictions that have become final since May 10, 2005, and Mr. Bower's misconduct proceedings had ended over a month earlier. Thus, the law was inapplicable to Mr. Bower, and the Court should overrule the motion to dismiss.

### Notice of Right to Object

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is November 30, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[4] *Lawrence v. Evans*, Case No. CIV-05-653-C (W.D. Okla. Oct. 18, 2005) (unpublished op.), is not to the contrary. There Chief Judge Cauthron held that a prisoner had not exhausted remedies available under Okla. Stat. tit. 57 § 564.1 even though his disciplinary conviction had become final before May 10, 2005. *Lawrence v. Evans*, Case No. CIV-05-653-C, slip op. at 1-2 (W.D. Okla. Oct. 18, 2005) (unpublished op.). Although the prisoner in *Lawrence v. Evans* had discussed the timing of his disciplinary proceedings, he had not challenged the applicability of Okla. Stat. tit. 57 § 564.1. *See* Petitioner's Response to the Magistrate's Report and Recommendation at pp. 1-2, *Lawrence v. Ward*, Case No. CIV-05-653-C (W.D. Okla. Oct. 11, 2005). Here the petitioner expressly contests the applicability of Section 564.1 in light of the timing of his disciplinary proceedings. *See supra* pp. 1-2. In these circumstances, Chief Judge Cauthron's opinion in *Lawrence v. Evans* does not compel dismissal.

## Status of the Referral

The referral to the undersigned is terminated.

Entered this 10th day of November, 2005.

*[signature: Robert E. Bacharach]*

Robert E. Bacharach
United States Magistrate Judge