IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BOWER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-857-F |
| | ) |
| JUSTIN JONES, Director, Oklahoma | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

The Petitioner, Mr. Michael Bower, is a state inmate seeking habeas relief based on a prison disciplinary conviction. Habeas relief should be denied.

I.   Background

Prison officials charged Mr. Bower with conspiracy to bring drugs into a penal institution. *See* Petition for a Writ of Habeas Corpus at p. 2 (July 28, 2005) ("Petition"). In the disciplinary proceeding, officials found the Petitioner guilty. *See id.* at p. 3. The decision resulted in segregation, deduction of earned credits, and diminution in the ability to earn future credits. *Id.*, Exhibit G.

According to the Petitioner, his disciplinary conviction stemmed from due process violations involving: (1) insufficient notice of the charges and confidential evidence, (2) deprivation of the right to call witnesses, (3) failure to obtain the confidential statement, and (4) insufficient evidence of guilt and the reliability of the confidential statement. Petition, *passim*; Petitioner's Reply to Respondent's Response to Writ of Habeas Corpus After Motion

for Extension/Enlargement of Time to Respond, *passim* (Jan. 17, 2006) ("Petitioner's Reply"). The Court should reject these allegations.

II.   Requirements for Due Process in a Disciplinary Hearing

*Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), imposes narrow procedural protections for inmates facing disciplinary charges. To afford procedural due process, prison officials need only give: (1) advance written notice of the disciplinary charges, (2) an opportunity for the inmate to call witnesses and present evidence when these procedures would not compromise institutional safety and goals, and (3) a written statement concerning the evidence relied on for disciplinary action. *See Wolff v. McDonnell*, 418 U.S. at 564-66.

In addition, a prison official's revocation of credits for a disciplinary offense must be supported by "some evidence." *Superintendent, Massachusetts Correctional Institution, v. Hill*, 472 U.S. 445, 454-55 (1985). This review "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [official]." *Id.* at 455-56 (citations omitted).

III.  Alleged Failure to Provide Sufficient Notice of the Charges and of Confidential Information

Mr. Bower argues that before the disciplinary hearing, prison officials had failed to disclose:

- the elements of the crime that he allegedly committed, and

- the confidential information given to the hearing officer.

Mr. Bower is not entitled to relief on this claim.

Notice is required to enable the inmate to marshal the facts and prepare a defense. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Officials charged Mr. Bower with a "law violation" and stated: "On the above date [Officer Branam] became aware that [Mr. Bower] was attempting to smuggle drugs into G.P.C.F." Petition, Exhibit B.

This notice was sufficient. The offense report disclosed the belief that Mr. Bower and at least one other person had agreed to bring drugs into the prison. There was no need to disclose the elements of this charge.[1] *See, e.g., Hite v. Davis*, 70 Fed. Appx. 352, 354-55 (7th Cir. Mar. 26, 2003) (unpublished op.) (rejecting the argument that the petitioner "did not receive adequate notice of the charge against him because the conduct report did not state the elements of rioting, and he therefore did not know what he 'must defend against'").

---

[1] Mr. Bower also claims that prison officials had failed to follow notice procedures of the Department of Corrections. Petition at pp. 2-3; Petitioner's Reply at pp. 3, 6-7. But even if the allegations were true, violation of prison policies would not entitle Mr. Bower to federal habeas relief. *See Godlock v. Fatkin*, 84 Fed. Appx. 24, 30 (10th Cir. Dec. 16, 2003) (unpublished op.) ("Petitioner does not have a cognizable claim for federal habeas relief based solely on the failure of LCF to follow particular regulations and directives [during the disciplinary process]." (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987))).

Likewise, the Petitioner was not entitled to advance notice of the confidential information.[2] Even though prison officials did not disclose the confidential information to Mr. Bower, the omission did not deprive him of due process.

IV. <u>Alleged Refusal to Allow Witness Testimony</u>

Mr. Bower also claims that he had identified witnesses and that officials did not take witness statements or explain the refusal. This claim is inconsistent with the record.

The investigator's report reflects Mr. Bower's request for witness statements by Scott Cooper and Edward Cornelius. Petition, Exhibit C. The investigator obtained statements from the two men and submitted the documents to the hearing officer. *Id.*, Exhibits D-F. In the subsequent hearing, Mr. Bower referred to the written statements and the presiding officer acknowledged familiarity with them. Audiotape of Hearing (Dec. 13, 2005).

---

[2] The Eighth Circuit Court of Appeals explained the ability of disciplinary authorities to use confidential statements without violating a prisoner's right to due process:

> We recognize that keeping confidential information from the prisoner in order to protect the identity of the confidential informant may have an impact on a prison inmate's ability to present a defense. Prison officials have an interest, however, in preserving institutional safety and may exclude statements from notices and decisions where there is a risk of revealing the identity of a confidential informant.

*Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996) (citations omitted); *see Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990) ("The decisions in *Wolff* and *McCollum* unequivocally establish that [a prisoner being disciplined] does not have a due process right to be informed of the identity of the confidential informant."); *see also Blum v. Federal Bureau of Prisons*, 189 F.3d 477, 1999 WL 638232, Westlaw op. at 6 (10th Cir. Aug. 23, 1999) (unpublished op.) ("under *Wolff*, Blum is entitled to advance written notice of the disciplinary charges against him, not to written notice of the evidence that will be used at the disciplinary hearing"); *Montgomery v. El Paso County Sheriff's Department*, 141 F.3d 1185, 1998 WL 104721, Westlaw op. at 2 (10th Cir. Mar. 10, 1998) (unpublished op.) ("[W]hile *Wolff* requires advance notice of the charges, it does not require the production of evidence before the hearing.").

By utilizing the witness statements in the hearing, Mr. Bower exercised his constitutional right and his argument to the contrary is belied by the record.

V.     Alleged Failure to Collect and Verify the Confidential Statement

Mr. Bower further suggests a due process violation based on the confidential statement. According to the Petitioner:

- the investigating officer failed to check the box indicating that he had collected a confidential statement and did not attach a finding that the statement was reliable, and

- authorities had no evidence to conclude that the confidential statement was reliable.

The claim is meritless.

The Petitioner's claim is invalid under the existing record. As Mr. Bower points out, the investigator did mark the box stating that no confidential witness testimony had been taken. Petition, Exhibit C. But authorities stated in the "offense report" that the disciplinary charge was based on part on "confidential information." Petition, Exhibit B. The statement itself bears indicia of trustworthiness,[3] and the hearing officer expressly concluded that the information was reliable.[4]

Prison officials notified Mr. Bower of the confidential statement in the offense report and verified the reliability of the information. The Petitioner's claim is again inconsistent with the record.

---

[3]     Respondent's Supplement to the Record Under Seal, Exhibit 5 (Mar. 1, 2006).

[4]     Audiotape of Hearing (Dec. 13, 2005); Petition, Exhibit G.

VI.  Existence of Some Evidence for the Disciplinary Conviction

Finally, the Petitioner alleges a lack of evidence for the disciplinary conviction. The allegation is invalid.

Confidential testimony revealed work by Mr. Bower with another individual in an effort to bring drugs into the prison. Respondent's Supplement to the Record Under Seal, Confidential Memo (Mar. 1, 2006). The hearing officer reasonably determined that this information was reliable. Thus, "some evidence" existed for the hearing officer to find Mr. Bower guilty of a conspiracy to bring drugs into the prison. *See Taylor v. Wallace*, 931 F.2d 698, 701 (10th Cir. 1991).[5]

VII.  Request for Evidentiary Hearing

Mr. Bower seeks an evidentiary hearing to prove the factual basis for the claims made in the disciplinary appeal. Petitioner's Reply at p. 2. This request should be denied. "Prison officials afforded him an adequate hearing, and the Due Process Clause does not require a second opportunity before a federal court to contest the disciplinary charge." *Smith v. Ward*, 148 Fed. Appx. 758, 758-59 (10th Cir. Nov. 10, 2005) (unpublished op.) (citation omitted).

---

[5]  The Petitioner argues that the Court cannot determine whether there was "some evidence" "without knowing how the Oklahoma Department of Corrections defines 'conspiracy'." Petition at p. 5. The argument is invalid.

Mr. Bower was charged with a "law violation" coded as a 17-1. *See* Petition, Exhibit B. A "17-1" is defined as a "[v]iolation of City, State or Federal law." Department Inmate Disciplinary Procedures, OP- 060125, Attachment A at p. 5 (eff. Nov. 1, 2004). Okla. Stat. tit. 21, § 421 creates an offense for two or more persons to conspire to "commit any crime." Okla. Stat. tit. 21, § 421 (2001).

VIII.  Recommendation

Mr. Bower obtained procedural due process, and the Court should deny the habeas claims on the merits.

IX.  Notice of the Right to Object

Any party may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Such objections must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is April 10, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would waive the parties' right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

X.  Status of the Referral

The referral to the undersigned is terminated.

Entered this 20th day of March, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge