**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL BOWER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-05-0857-F |
| | ) |
| JUSTIN JONES, Director, Oklahoma | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, a state prisoner appearing *pro se*, has filed a Notice of Appeal [Doc. No. 54], which is construed as an application for certificate of appealability, to appeal the denial of his Petition for Writ of Habeas Corpus in this habeas action. *See* 28 U.S.C. §2253(c)(1)(A).

Petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). Petitioner can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[W]e give the language found in § 2253(c) the meaning ascribed it in [*Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Id.* When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Petitioner has not made the requisite showing and, accordingly, his request for a COA is DENIED.

Petitioner has also filed a Motion to Proceed *in forma pauperis* on Appeal. [Doc. No. 57]. Although 28 U.S.C. § 1915(b) does not apply to habeas actions, *see United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997) (holding Prison Litigation Reform Act inapplicable to habeas and §2255 actions and appeals) *overruled on other grounds* in U.S. v. Hurst, 322 F.3d 1256 (10th Cir. 2003), both §1915(a)(1) and (a)(3) do apply to a habeas appeal. Accordingly, a petitioner must show that the appeal is taken in good faith and that he lacks the financial ability to pay the required fees. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

Having reviewed the motion and the record, the Court finds that Petitioner has presented a reasoned, non-frivolous argument on appeal and that the appeal is taken in good faith. Accordingly, the Court finds Petitioner is entitled to proceed without payment of the

filing fee, and his motion for *in forma pauperis* status is GRANTED.  28 U.S.C. § 1915(a)(1) and (a)(3).

IT IS SO ORDERED this 8th day of June, 2006.

/s/ S.P. Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0857p008(pub).wpd